## CYNTHIA RICE v. THE STATE.

### No. 601.   Decided May 11, 1910.

**Local Option—Change of Law—Felony—Jurisdiction.**

Where, upon trial of a violation of the local option law, in the District Court, it was shown that the offense was committed when local option was in force in said territory before the Act of the Thirty-first Legislature making it a felony to sell intoxicating liquors in local option territory was passed, the case should be tried in the County Court. Following Lewis v. State, 58 Texas Crim. Rep., 351.

Appeal from the District Court of Grayson. Tried below before the Honorable J. M. Pearson.

Appeal from a violation of the local option law; penalty, eighteen months imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was indicted and convicted for making a sale of intoxicating liquors in local option territory and her punishment assessed at eighteen months confinement in the penitentiary.

It is disclosed by the record in this case that at the time the offense was committed local option had been in force in Grayson County long before the Act of the Thirty-first Legislature making it a felony to sell intoxicating liquors in local option territory, was passed. In the court below as well as here appellant raised the question that she could not be convicted of a felony for violating the local option law under the Act of the Thirty-first Legislature where the county had adopted local option before said Act was passed. Following the rule laid down in the case of Lewis v. State, decided at this term, the judgment will be reversed and the cause remanded, with direction to transfer same to the County Court.

*Reversed and remanded.*